DMP:AAS/EJD
F. #2021R00184

**\*\*FILED\*\***

*4:59 pm, Jul 06, 2022*

**U.S. DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

FAN LIU,
       also known as "Frank Liu,"
CRAIG MILLER,
QIANG SUN,
       also known as "Jason Sun,"
DERRICK TAYLOR and
MATTHEW ZIBURIS,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **1:22-cr-00311(LDH)(VMS)**

(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
982(a)(2)(B), 982(b)(1), 1001(a)(2),
1028(a)(7), 1028(b)(2)(B), 1028(b)(5),
1028(c)(3)(A), 1512(c)(1), 1512(c)(2), 2
and 3553 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy To Act as Agents of a Foreign Government)

      1.     In or about and between January 2021 and March 2022, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants FAN LIU, also known as "Frank Liu," and MATTHEW ZIBURIS, together with

others, did knowingly and willfully conspire to act in the United States as agents of a foreign

government, to wit: the government of the People's Republic of China ("PRC"), without prior

notification to the Attorney General of the United States, as required by law, contrary to Title 18,

United States Code, Section 951(a).

      2.     In furtherance of the conspiracy and to effect its objects, within the

Eastern District of New York and elsewhere, the defendants FAN LIU, also known as "Frank

Liu," and MATTHEW ZIBURIS, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

        a.      In or about and between January 2021 and March 2022, LIU received instructions from QIANG SUN, also known as "Jason Sun," to obtain derogatory information about and surveil Chinese dissidents within the United States, including Dissident-1, Dissident-2 and Dissident-3, individuals whose identities are known to the Grand Jury.

        b.      In or about January 2021, LIU paid a private investigator (the "Investigator") to obtain the personal identifying information of Chinese dissidents.

        c.      In or about and between January 2021 and March 2021, LIU requested that the Investigator obtain Internal Revenue Service ("IRS") reports on Chinese dissidents.

        d.      In or about and between February 2021 and April 2021, LIU and ZIBURIS communicated about a plan to surveil Dissident-1 in California.

        e.      On or about March 2, 2021, LIU provided ZIBURIS with personal identifying information belonging to Dissident-1.

        f.      In or about and between March 2021 and November 2021, LIU paid a coconspirator ("CC-1"), an individual whose identity is known to the Grand Jury, to provide LIU with personal identifying information for Chinese dissidents.

        g.      In or about July 2021, at LIU's request, CC-1 tasked DERRICK TAYLOR with obtaining immigration and customs information about Dissident-2.

        h.      In or about July 2021, TAYLOR obtained the information about Dissident-2 by having a coconspirator ("CC-2"), an individual whose identity is known to the

Grand Jury, access information about Dissident-2 via a law enforcement database and transmit it to TAYLOR, who in turn transmitted it to CC-1.

        i.      In or about and between July 2021 and October 2021, LIU and ZIBURIS communicated about a plan to surveil Dissident-2.

        j.      In or about August 2021, ZIBURIS emailed LIU with surveillance reports regarding ZIBURIS' surveillance of Dissident-2.

        k.      In or about October 2021, LIU paid CC-1 to travel to Indiana and surveil Dissident-2.

        l.      In or about October 2021, LIU and ZIBURIS communicated about a plan to surveil Dissident-3.

        m.      In or about and between October 2021 and November 2021, LIU paid CC-1 to obtain passport information for Dissident-3 and a member of Dissident-3's family ("the Daughter").

        n.      In or about and between October 2021 and November 2021, CC-1 obtained Dissident-3's and the Daughter's passport information for LIU by paying TAYLOR, who then obtained the passport information by having CRAIG MILLER access it via a law enforcement database and transmit it to TAYLOR.

(Title 18, United States Code, Sections 371 and 3553 et seq.)

## COUNT TWO
(Conspiracy To Engage in Interstate Harassment)

3.      In or about and between January 2021 and March 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FAN LIU, also known as "Frank Liu," QIANG SUN, also known as "Jason Sun," and MATTHEW ZIBURIS, together with others, did knowingly and willfully conspire to travel

in interstate and foreign commerce, with the intent to harass and intimidate one or more persons, to wit: Dissident-1, Dissident-2 and Dissident-3, and in the course of and as a result of such travel, to engage in conduct that would cause, would attempt to cause and would be reasonably expected to cause the dissidents substantial emotional distress, contrary to Title 18, United States Code, Section 2261A(1)(B).

4.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants FAN LIU, also known as "Frank Liu," QIANG SUN, also known as "Jason Sun," and MATTHEW ZIBURIS, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

a.    In or about and between February 2021 and April 2021, LIU and ZIBURIS communicated about a plan to surveil Dissident-1.

b.    In or about March 2021, LIU and ZIBURIS designed a fake business card to assist ZIBURIS in the surveillance of Dissident-1.

c.    In or about March 2021, ZIBURIS traveled to California to surveil Dissident-1.

d.    In or about March 2021, ZIBURIS placed a GPS tracking device on the vehicle of Dissident-1.

e.    In or about March 2021, SUN established an email account for the purpose of accessing the GPS account related to the device placed by ZIBURIS on Dissident-1's vehicle.

f.    In or about March 2021, SUN accessed the GPS account and data associated with the device placed by ZIBURIS on Dissident-1's vehicle.

g.      In or about March 2021, ZIBURIS photographed and audio recorded Dissident-1 in California.

h.      In or about and between January 2021 and March 2022, LIU communicated with SUN about destroying artwork located in California created by Dissident-1.

i.      In or about and between July 2021 and October 2021, LIU and ZIBURIS communicated about a plan to surveil Dissident-2.

j.      In or about August 2021, ZIBURIS traveled to Indiana to surveil Dissident-2.

k.      In or about August 2021, ZIBURIS photographed and video recorded Dissident-2.

l.      In or about August 2021, ZIBURIS emailed LIU with surveillance reports regarding ZIBURIS' surveillance of Dissident-2.

m.      In or about October 2021, LIU paid CC-1 to travel to Indiana and surveil Dissident-2.

n.      In or about October 2021, LIU and ZIBURIS communicated about a plan to surveil Dissident-3.

o.      In or about and between October 2021 and November 2021, ZIBURIS traveled to California to conduct surveillance on Dissident-3.

p.      In or about October 2021, ZIBURIS possessed a fake identification card for an international sports committee for the purpose of convincing Dissident-3 to provide ZIBURIS with passport information.

(Title 18, United States Code, Sections 371 and 3553 et seq.)

## COUNT THREE
(Misuse of Means of Identification)

5.       In or about and between January 2021 and March 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FAN LIU, also known as "Frank Liu," QIANG SUN, also known as "Jason Sun," and MATTHEW ZIBURIS, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another person, to wit: telephone numbers and other contact information belonging to one or more U.S.-based Chinese dissidents, individuals whose identities are known to the Grand Jury, with the intent to commit, and aid and abet, and in connection with, unlawful activity that constituted one or more violations of Federal law, to wit: the crime charged in Count One.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(2)(B), 1028(c)(3)(A), 2 and 3553 et seq.)

## COUNT FOUR
(Conspiracy to Bribe a Public Official)

6.       In or about and between January 2021 and March 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FAN LIU, also known as "Frank Liu," and QIANG SUN, also known as "Jason Sun," together with others, did knowingly and willfully conspire to commit an offense against the United States, to wit: to offer and promise an employee of the IRS a bribe payment with the intent to induce the employee to do any act in violation of the lawful duty of such employee, to wit: the unlawful dissemination of Dissident-1's tax returns, contrary to Title 18, United States Code, Section 201(b)(1)(C).

7.      In furtherance of the conspiracy and to effect its objects, within the

Eastern District of New York and elsewhere, the defendants FAN LIU, also known as "Frank

Liu," and QIANG SUN, also known as "Jason Sun," together with others, did commit and cause

the commission of, among others, the following:

OVERT ACTS

a.      On or about March 2, 2021, LIU called the Investigator on behalf

of SUN and asked the Investigator to obtain Dissident-1's tax returns.

b.      On or about March 5, 2021, LIU spoke with the Investigator and

discussed a plan to pay the Investigator's purported contact at the IRS $3,500 for Dissident-1's

tax returns.

c.      In or about March 2021, LIU paid the Investigator $1,500 via a

digital payment application to obtain IRS tax returns for Dissident-1.

(Title 18, United States Code, Sections 371 and 3553 et seq.)

COUNT FIVE
(Attempt To Obstruct Justice)

8.      In or about April 2022, within the Eastern District of New York and

elsewhere, the defendant DERRICK TAYLOR did knowingly, intentionally and corruptly

attempt to obstruct, influence and impede an official proceeding, to wit: a Federal Grand Jury

investigation in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2) and 3553 et seq.)

COUNT SIX
(Obstruction of Justice)

9.      On or about June 17, 2022, within the Eastern District of New York and

elsewhere, the defendant CRAIG MILLER did knowingly, intentionally and corruptly alter,

destroy, mutilate and conceal a record, document and other object, to wit: one or more text messages between MILLER and DERRICK TAYLOR, with the intent to impair the object's integrity and availability for use in an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(1) and 3553 et seq.)

## (COUNT SEVEN)
### (False Statement)

10.    On or about April 11, 2022, within the Eastern District of New York and elsewhere, the defendant DERRICK TAYLOR did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the Federal Bureau of Investigation ("FBI"), in that TAYLOR falsely stated and represented to FBI Special Agents that he had obtained U.S. passport information of one or more other persons through the "Black Dark Web" when, in fact, as he well knew and believed, TAYLOR obtained the information from another individual who had used a confidential law enforcement database.

(Title 18, United States Code, Sections 1001(a)(2) and 3553 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT THREE

11.    The United States hereby gives notice to FAN LIU, also known as "Frank Liu," QIANG SUN, also known as "Jason Sun," and MATTHEW ZIBURIS that, upon their conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code,

Section 1028(b)(5), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense.

         12.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants FAN LIU, also known as "Frank Liu," QIANG SUN, also known as "Jason Sun," and MATTHEW ZIBURIS:

         a.     cannot be located upon the exercise of due diligence;

         b.     has been transferred or sold to, or deposited with, a third party;

         c.     has been placed beyond the jurisdiction of the court;

         d.     has been substantially diminished in value; or

         e.     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants FAN LIU, also known as "Frank Liu," QIANG SUN, also known as "Jason Sun," and MATTHEW ZIBURIS up to the value of the forfeitable property described in this forfeiture allegation.

         (Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1) and 1028(b)(5); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNTS FIVE AND SIX

         13.     The United States hereby gives notice to the defendants charged in Counts Five and Six that, upon their conviction of either of those offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to

forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00184

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

FAN LIU, CRAIG MILLER, QIANG "JASON" SUN, DERRICK
TAYLOR and MATTHEW ZIBURIS,

Defendants.

# INDICTMENT

(T. 18, U.S.C. §§ 371, 981(a)(1)(C), 982(a)(2)(B), 982(b)(1), 1001(a)(2),
1028(a)(7), 1028(b)(2)(B), 1028(b)(5), 1028(c)(3)(A), 1512(c)(1),
1512(c)(2), 2 and 3553, et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

*A true bill.*

_____                                   *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                          *Clerk*

*Bail, $* _____

_____

*Alexander Solomon / Emily J. Dean, Assistant U.S. Attorneys (718) 254-7000*