

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

AAS/EJD
F. #2021R00184

*271 Cadman Plaza East
Brooklyn, New York 11201*

August 10, 2022

By Email and ECF

Edgar Loy Fankbonner
Goldberger & Dubin PC
401 Broadway, Suite 306
New York, NY 10013
212-431-9380
Fax: 212-966-0588
Email: gnd401@aol.com

    Re: United States v. Liu
       Criminal Docket No. 22-CR-311 (LDH)

Dear Counsel:

  Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure."  The government also requests reciprocal discovery from the defendant.

I.  The Government's Discovery

  A. Information Associated With The Defendant's Electronic Devices and Apple iCloud Accounts

  Please find the following enclosed:

| Bates No. | Description of Item |
|---|---|
| LIU0000001 | Information associated with the defendant's iPhone 11 with serial number DNPZK2XSN72P |
| LIU0000002 | Information associated with the defendant's iPhone 12 pro with serial number F17F719R0D85 |

| Bates No. | Description of Item |
|---|---|
| LIU0000003 | Information associated with the defendant's iPhone 6s with serial number FK1RN0G9GRY0 |
| LIU0000004 | Information associated with the defendant's iPhone 11 with serial number DNPZK2XSN72P |
| LIU0000005 | Information associated with the defendant's iPhone 12 pro with serial number F17F719R0D85 |
| LIU0000006 | Information associated with the defendant's iPhone 6s with serial number FK1RN0G9GRY0 |
| LIU0000007 | Information Associated with the defendant's laptop computer |
| LIU0000008- LIU0000010 | Information from USB drives belonging to the defendant |
| LIU0000011 | Information associated with the defendant's iCloud account ecofrank@gmail.com |
| LIU0000012 | Information associated with the defendants iCloud accounts cwtv888@gmail.com and ecofrank@gmail.com |
| LIU0000013- LIU0000015 | Information associated with the defendants cwtv888@gmail.com iCloud account |
| LIU0000016- LIU0000019 | Information associated with the defendants ecofrank@gmail.com iCloud account |

    B.    <u>The Defendant's Criminal History and Information about the Defendant from the Federal Bureau of Investigation ("FBI")'s Joint Automated Booking System</u>

Please find enclosed:

- The defendant's criminal record, **Bates-stamped LIU0000020- LIU0000040**; and

- Information about the defendant from the FBI's Joint Automated Booking System, **Bates-stamped LIU0000041- LIU0000042**.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

C.   Statements of the Defendant

Please find enclosed the following recordings that contain the defendant's statements, including the defendant's post-arrest interview and recordings of calls and in-person conversations between the defendant and an FBI confidential human source. Please also find enclosed draft transcripts of conversations between the defendant and the FBI confidential human source.

The following items enclosed are:

| Bates No. | Description of Item |
| --- | --- |
| LIU0000043 | Recording of the defendant's post arrest interview |
| LIU0000044- LIU0000047 | Recordings of in person conversations involving the defendant and an FBI confidential human source from July 2021 |
| LIU0000048-LIU0000049 | Recordings of in person conversations involving the defendant and an FBI confidential human source from January 2022 |
| LIU0000050 | Recordings of an in-person conversation involving the defendant and an FBI confidential human source from March 2022 |
| LIU0000051-LIU0000067 | Transcript of recording of conversations involving the defendant and an FBI confidential human source on or about June 24, 2021 |
| LIU0000068-LIU0000206 | Transcript of recording of conversations involving the defendant and an FBI confidential human source on or about July 22, 2021 |
| LIU0000207-LIU0000301 | Transcript of recording of conversations involving the defendant and an FBI |

| Bates No. | Description of Item |
|---|---|
|  | confidential human source on or about January 30, 2022 |
| LIU0000302-LIU0000539 | Transcript of recording of conversations involving the defendant and an FBI confidential human source on or about March 11, 2022 |
| LIU0000540 | Recording of a call between the defendant and an FBI confidential human source on or about March 2, 2021 |
| LIU0000541- LIU0000542 | Recording of calls between the defendant and an FBI confidential human source on or about March 4, 2021 |
| LIU0000543 | Recording of call between the defendant and an FBI confidential human source on or about March 5, 2021 |
| LIU0000544- LIU0000545 | Recording of calls between the defendant and an FBI confidential human source on or about March 6, 2021 |

D. <u>Documentation of FBI Interview of the Defendant</u>

Enclosed is a summary of an interview of the defendant on December 21, 2018, **Bates-stamped LIU0000546-LIU0000549.**

E. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

F. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify about the structure and methodology of the People's Republic of China's intelligence apparatus.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

G.  Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

H.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications"). Although it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.    Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:     /s/ Alexander A. Solomon
        Alexander A. Solomon
        Emily J. Dean
        Assistant U.S. Attorneys
        (718) 254-7000

Enclosures

cc:    Clerk of the Court (LDH) (by ECF) (without enclosures)